No. 02-676

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 108

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

DEBORAH STEWART,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and For the County of Missoula, Cause No. DV-00-240,
                      Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Christopher Daly, Attorney at Law, Missoula, Montana

        For Respondent:

        Fred Van Valkenburg, County Attorney; Martha McClain, Deputy
        County Attorney, Missoula, Montana

Submitted on Briefs:  January 30, 2003

Decided:  April 24, 2003

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Appellant Deborah Stewart (Stewart) appeals the District Court's grant of summary judgment to the State, which, in part, permanently enjoins Stewart from using her property in violation of applicable residential zoning laws.  We affirm.

Factual and Procedural Background

¶2      Deborah Stewart leases a 1.28 acre parcel of property from the Department of State Lands. The property is located in an area of Missoula County that is subject to zoning. The property is classified as CA-3 under the Missoula County Zoning Resolution.  This zoning district provides for a "low density residential development of an open and rural character in areas best suited for such purposes and provides for environmental protection of those areas that are fragile and cannot support more intensive urbanized activities due to physiographic, hydrologic, biologic and economic conditions."  Missoula County Zoning Resolution, No. 76-113.

¶3      In April 1994, a Missoula County City Zoning Officer approved Stewart's proposed architectural plans for the construction of her home.  In January of 1995, the City of Missoula, Public Works Department/Building Division, issued Stewart a Certificate of Occupancy for the building.  This certificate listed the building's use as "single family dwelling."  Following the completion of her home in 1995, Stewart began leasing out the daylight basement of her house and an attached enclosed carport, called "the studio," to tenants.  The basement apartment, consisting of two bedrooms, a bath, a kitchenette and a living room was rented to Brock Bowles in August 1998 under a lease with a term of one

year. Stewart had Bowles sign a "Residential Lease Agreement for 10570 Grant Creek Road," which provided that "Tenant" and "Owner" will "fulfill the duties and responsibilities" contained in the Montana Residential Landlord and Tenant Act. The lease agreement permitted Stewart to run a credit check on prospective tenants and set parameters for various aspects of the tenants' personal conduct.

¶4 According to Bowles, he and Stewart did not live together in a communal manner. For example, Bowles was provided with keys to one basement apartment bedroom and to the entry of the basement apartment, but not to the front door accessing the main floor where Stewart resided. Similarly, Bowles did not share meals or groceries with Stewart; he did housework only in the basement apartment; he did not share a telephone with Stewart; he did not watch TV with Stewart; and he did not enter the main floor of the house except as far as the landing at the top of the basement stairs where Stewart left his mail and where the rent checks were to be deposited.

¶5 After Bowles moved into the basement apartment, a second tenant, Laurel Hahn, moved into the basement apartment. During the tenancy of Hahn and Bowles, Stewart rented the studio apartment to a tenant who likewise lived independently of Stewart. In June 2000, Stewart rented the basement apartment to David and Myra Gray under an identical Residential Lease Agreement for 10570 Grant Creek Road. During their tenancy, the Grays did not maintain a common household with Stewart or the studio tenant.

¶6 On April 7, 2000, the State commenced a civil action against Stewart challenging her use of a single family unit as a multiple family unit and seeking injunctive relief. Stewart

3

filed a motion to dismiss nearly two years later based on the State's failure to litigate the case. The District Court denied the motion. Next, both parties filed motions for summary judgment and the District Court held a brief hearing in July 2002 regarding the motions. The Court granted the State's motion and issued an injunction against Stewart. Stewart filed this timely appeal.

### Standard of Review

¶7 Our standard of review in appeals from summary judgment rulings is de novo; and we follow the same criteria applied by the District Court pursuant to Rule 56, M.R.Civ.P. The moving party must establish both the absence of genuine issues of material fact as well as entitlement to judgment as a matter of law. Once this has been accomplished, the burden shifts to the opposing party to prove, by more than mere denial and speculation, that a genuine issue does exist. *See Stockman Bank of Montana v. Potts,* 2002 MT 178, ¶ 3, 311 Mont. 12, ¶ 3, 52 P.3d 920, ¶ 3.

### Discussion

¶8 At trial, the State contended that Stewart violated zoning restrictions that limit her use of the property to a single family dwelling by leasing a portion of her single family home and her garage to tenants. The State introduced testimony of former tenants to support this claim. Stewart did not offer any substantial contradictory evidence. Instead, she maintained that the house had in no way been modified since the Missoula County City Zoning Officer approved its architectural plans in April 1994, and therefore, the structure was still in compliance with zoning restrictions. The State responded that Stewart's argument was

4

misplaced because it was her use of the structure, not the structure itself, which violated the zoning regulations. In its order, the District Court granted the State summary judgment, concluding that the affidavits of her former tenants clearly established that the parties did not live together communally and that the "[d]efendant has not come forward with any evidence to refute the State's charge that [her] use of the real property has been in violation of the applicable zoning."

¶9 It is undisputed that Stewart's leased property is zoned CA-3 under the Missoula County Zoning Resolution which provides, at Section 2.08, for the following permitted uses:

1. Single family dwelling.
2. Mobile homes on lots five (5) acres or larger and minimum yard setbacks of fifty (50) feet.
3. Accessory buildings and uses.
4. Agriculture on lots five (5) acres or larger, including any and all structures or buildings needed to pursue such activities, except intensive agricultural use such as feed lots and poultry farms. Minimum yard setbacks of fifty (50) feet shall be maintained for all agricultural buildings.

Section 1.05(28) of the Zoning Resolution defines a "Single family dwelling" as "a detached building designed for occupancy by one (1) family," and Section 1.05(30) defines a family as: "[o]ne or more persons. . . living and cooking together as a single housekeeping unit."

¶10 The testimony of two former tenants, Bowles and Gray, confirms that Stewart's home was being used as a multiple family dwelling. Both stated that they did not live and cook together with Stewart as a single housekeeping unit. Bowles specifically testified that he neither shared meals or groceries with Stewart nor did he share a telephone with her. These facts demonstrate that each tenant ran a separate housekeeping unit within the house. For

5

her part, Stewart has not presented sufficient evidence to demonstrate that she and her tenants lived as a single housekeeping unit. Instead, she mistakenly relies on her trial argument that the house at 10570 Grant Creek Road has not been structurally modified since a Missoula County City Zoning Officer approved the home's architectural plans in April 1994. This argument is misguided because, as the State correctly points out, the zoning laws at issue regulate the use of the structure, not the structure itself.

¶11    Next, Stewart argues that Missoula's Zoning Resolution violates both the Montana Human Rights Act and the Federal Fair Housing Act. Again, Stewart's argument misses the mark. Stewart contends that the Montana Human Rights Act (HRA) at § 49-2-305(2), MCA, preempts Missoula county zoning regulations. This section exempts landlords who rent sleeping rooms in single family dwelling, such as the proprietor of a boarding house, from the Act's prohibition against discriminatory practices. Stewart submits that this statute recognizes the right of landlords to rent rooms out of a single family dwelling; therefore, any inconsistent zoning regulation which precludes such an arrangement is preempted by this statute. The State responds that this argument is neither tenable nor supported by authority in Stewart's brief. We agree. Stewart cites no authority for her argument that the zoning regulations and the HRA are inconsistent. Reading the statutes consistently, as we must, *see* § 1-2-101, MCA; *E.H. Oftedal and Sons, Inc. v. State ex rel. Montana Transp. Comm'n*, 2002 MT 1, ¶ 19, 308 Mont. 50, ¶ 19, 40 P.3d 349, ¶ 19, the HRA assumes that a person renting out rooms in a single family dwelling is doing so consistently with applicable zoning regulations.

6

¶12 Next, Stewart claims the Zoning Resolution's definition of "family" violates the Federal Fair Housing Act. She directs us to the holding of *City of Edmonds v. Washington State Bldg. Code Council* (9th Cir. 1994), 18 F.3d 802; however, in that case, the Federal Fair Housing Act was implicated by alleged discrimination and failure to reasonably accommodate handicapped persons. *See City of Edmonds*, 18 F.3d at 806. In this instance, however, Stewart has not offered any evidence that the State sought to enforce its zoning restrictions in a discriminatory manner against handicapped persons or anyone else.

¶13 In this case, the State established both the absence of genuine issues of material fact as well as entitlement to judgment as a matter of law. The testimony before the District Court established that Stewart was using her home as a multiple family dwelling in violation of the applicable zoning laws and the Certificate of Occupancy. Stewart did not meet her burden to prove, by more than mere denial and speculation, that a genuine issue of material fact exists. Therefore, we affirm the District Court's grant of summary judgment.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE